# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **KHIDJA JOHNSON,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No.** |
| ) | **1:18-cv-01552-ODE-CCB** |
| **AMERICAN FAMILY INSURANCE** ) | |
| **a/k/a** ) | |
| ) | |
| **AMERICAN FAMILY MUTUAL** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **AMERICAN FAMILY LIFE** ) | |
| **INSURANCE COMPANY and** ) | |
| ) | |
| **AMERICAN STANDARD INSURANCE** ) | |
| **COMPANY OF WISCONSIN,** ) | |
| ) | |
|    **Defendants.** ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR SANCTIONS AND BRIEF IN SUPPORT

COMES NOW Khidja Johnson, Plaintiff in this matter and files this Response to Defendant's Motion for Sanctions and Brief in Support of the same, and respectfully show as follows:

### I.   Introduction

1. Sanctions should not be used lightly because the purpose of sanctions is

to make sure that the parties have a fair trial and should be reserved only for instances where they are needed to: 1) compensate the court and other parties for the added expense caused by discovery abuse; 2) compel discovery; 3) deter others from engaging in similar conduct; and 4) penalize the offending party or attorney. *Carlucci v. Piper Aircraft Corp.,* 775 F.2d 1440, 1453 (11th Cir.1985); *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). Sanctions should not be used to circumvent the trial process, increase the cost of litigation, needlessly increase the number of filings made with the court, or multiply the amount of litigation that must take place in order to reach a resolution. Moreover, while district courts have broad powers under the rules to impose sanctions for a party's failure to abide by court orders, dismissal is justified only in extreme circumstances and as a last resort. *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir.) *cert. denied,* 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993); *934 *Ford v. Fogarty Van Lines, Inc.,* 780 F.2d 1582, 1583 (11th Cir.1986); *State Exchange Bank v. Hartline,* 693 F.2d 1350, 1352 (11th Cir.1982).

    2.  In the Defendants' motion, they identify a number of acts on the part of Plaintiff that may provide useful grounds for cross-examination, impeachment and may assist Defendants when and if this case reaches trial. But that is not sufficient

for the Defendants. Instead, they want to circumvent the trial process, dismiss the meritorious claims of the Plaintiff and have this court issue sanctions for what amounts to faulty memories and minor mistakes. The Defendants' attempt to transform the acts of Plaintiff into something worthy of sanctions and complete dismissal of this action by using words like "perjury" "perpetrating fraud on the court" "fabricating lies" "heinous acts" is nothing more than a thinly veiled attempt to relieve them of their burden of proving that Plaintiffs conduct rises to a level of bad faith and obstructive behavior worthy of sanctions. Defendants cannot meet that burden.

## II.   ARGUMENT AND AUTHORITIES

3. Defendants have alleged that Ms. Johnson willfully disregarded and obstructed the discovery process by fabricating lies and untruthful testimony, refusing to produce documents and willfully disregarding the Court's orders.

4. A court may impose sanctions for litigation misconduct under its inherent power. *Eagle Hospital Physicians, LLC v. SRG Consulting, Inc.* 561 F.3d 1298, 1306 (11th Cir. 2009). The court's inherent power is based on the "the court's needs to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (*quoting Chambers v. Nasco, Inc.,* 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). The court must exercise this power with

"restraint and discretion." *Id.* (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980)). "The key to unlocking a court's inherent power is a finding of bad faith." *Id.* (quoting *Barnes v. Dalton,* 158 F. 3d 1212, 1214 (11th Cir. 1998)).

5. "If a party disagrees with deposition testimony given by witnesses, they are free to challenge that testimony through their own factual assertions, impeach it through other evidence, and cross-examine the witness vigorously at trial." *Orchestratehr, Inc. v. Trombetta,* 178 F. Supp. 3d 476, 496 (N.D. Tex. 2016), objections overruled, No. 3:13-CV-2110-KS-BH, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016)(quoting *Taylor v. AFS Techs., Inc.*, No. CV–09–2567–PHX–DGC, 2010 WL 4955166, at *1 (D.Ariz. Dec. 1, 2010)). And even when there has been a an admission of perjury, that still does not warrant a finding that sanctions are appropriate or necessary. *See Id.* at 497. Motions for sanctions based on such allegedly "false" testimony just needlessly multiplies litigation when there are other means to challenge such testimony. *supra Taylor v. AFS Tech, Inc., at *1.*

6. While false testimony is unacceptable, courts have concluded that absent evidence of intentional or willful false testimony, sanctions are not warranted. *supra Orchestratehr, Inc. v. Trombetta, at 496.* Mistaken answers, omissions, and

inability to recall are not evidence of dishonesty or bad faith. *Whiting v. Hogan,* 2013 U.S. Dist. LEXIS 35381, 27-30 (D. Ariz. Mar. 14, 2013).

    7. Defendants arguments can be summed up very simply:

> Ms. Johnson's case alleging breach of contract, retaliation, and discrimination against American Family should be completely dismissed with prejudice because she concealed her criminal history during discovery, did not provide publicly available documents related to arrests, warrants, convictions and charges against her; and that she once violated the Court's Order by not putting forward enough effort to locate documentation related to one of those charges.

    8. All of the Defendants accusations charging Ms. Johnson with "heinous" acts have very little to do with the alleged discovery violations for which they seek sanctions.

    9. The Defendants' have offered no direct evidence that Ms. Johnson or her attorneys operated in bad faith when they denied that she had no adjudication of guilt for any criminal proceedings. In fact, Plaintiff admitted and provided information that she in fact had issues with the law and that she had sought expungement for a criminal conviction. She also stated, not that she had no other arrests or convictions, but that she could not recall other arrests or convictions. If Defendants' want to explore her memory issues or inconsistencies on cross examination, they will be welcomed to do so during trial. But, mere inconsistencies in a witness's testimony is not sufficient to establish perjury nor warrant sanctions.

*See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990)(citing *Little v. Butler*, 848 F.2d 73, 76 (5th Cir. 1988)(inconsistencies in witnesses' testimony at trial are to be resolved by trier of fact and do not suffices to establish that certain testimony is perjured).

    10. Further, the Defendants admit that criminal arrests, convictions, and judicial proceedings are readily and easily publicly accessible. The Defendants admit they were able to easily obtain Ms. Johnson's criminal record through simple open records request and publicly available information. Accordingly, to the extent that Plaintiff did not recall her criminal history; did not have documentation in her possession or control; or did not recall other arrests or convictions, the Defendants have always had the ability to file an open records' request, conduct a public search, and utilize other means to obtain access to that information. The fact that they waited until the conclusion of discovery to do so should not be scapegoated onto Ms. Johnson. It would be impossible for the plaintiff to obstruct discovery or conceal her criminal history when that information was publicly accessible to the Defendants all along. Plaintiff never violated the Court's order. Her attorneys made a good faith effort to locate the documents as the Court ordered. Plaintiff did not have them and could not locate the documents. They were available by other means, and ultimately, Defendants were able to obtain access to those documents.

-7-

But there is no proof that Plaintiff acted in bad faith to conceal, hide, destroy or obstruct access to any documents. She simply did not have them in her possession. Thus, sanctions would not be appropriate.

 11. The Defendants have not provided examples of willful intent or bad faith actions to obstruct the discovery process or disregard the Court's orders. The Defendants have provided examples of mistakes and faulty memory issues. The Defendants have presented no evidence that anything was done willfully in bad faith to obstruct the discovery process or litigation. Sanctions are, especially, not appropriate where any falsehoods in Ms. Johnson's testimony were corrected, and when Plaintiffs have suffered no injury as a result of such alleged falsehoods. Ms. Johnson may have stated that she had no criminal convictions in her interrogatories which Plaintiffs are willing to amend, but she corrected that statement during her deposition and pointed out that she had, at least one criminal conviction that was expunged. To the extent she could not recall any others, that is not a sanctionable issue. She did not deny their existence, but rather pointed out that she could not recall if there were any other arrests or convictions.

 12. In order to call Ms. Johnson a liar, the Defendants point to the testimony of one of their corporate representatives that is accused of the misconduct alleged in the Plaintiff's complaint. There is no reason to believe his

self-serving testimony. And to the extent that testimony contradicts one another, it can be decided by a trier of fact, not a sanctions motion.

13. The conduct alleged by the Defendants – that Ms. Johnson could not remember her publicly available criminal history or that she did not have any information related to her criminal history in her custody, control or possession is not subject to sanctions under the Court's inherent power.

14. There may be situations in which false testimony during a deposition or in interrogatories justifies sanctions. But the Defendants have only highlighted faulty memories, inaccuracies, or misbeliefs. The Defendants have not provided evidence that the allegedly false testimony in this case rises to the level that justifies sanctions. There is no evidence of intentional deceit or dishonesty, and the evidence points more towards a faulty memory or innocent mistakes. There is no doubt that the Defendants will have many opportunities at trial to attempt to use the inconsistencies and contradictions discussed in their motion to impeach and impugn the Plaintiffs credibility. That is the proper and appropriate recourse in this type of situation. And the Plaintiffs request for sanctions does nothing more than increase the amount of litigation, number of filings, the amount of fees, and the amount of time distracted from the merits of the case.

15. Curiously, Defendants accuse Ms. Johnson of not participating in

Discovery, while ignoring the fact that Ms. Johnson has set for approximately 16 hours of deposition, answered all questions to the best of her ability despite the mental fatigue, subsequently provided her bank statements, medical records, employee files for all jobs that she had as well as each employee she has ever had, provided her taxes, her pay stubs, her emails, numerous recordings in her possession, training manuals and nearly anything else that Defendants requested. But, Defendants are feigning outrage because Ms. Johnson could not accurately recall an arrest from 15 years ago and a few other incidents in her past. The fact that Defendants didn't think to perform an open records request until the close of discovery is not Ms. Johnson's fault. This is nothing more than a smear campaign and bullying tactic, similar to the one employed by Defendants that led to this lawsuit.

16. The issues that Defendants have raised in their Sanctions' motion about whether Ms. Johnson can recall with precision her arrest from 15 or 10 years ago or whether she did enough to search for documents in her possession have very little to do with the case at-hand.

17. Furthermore, Plaintiff still has not received discoverable material related to Mike Marlins and others on the substantive issue of whether other individuals suffered issues similarly to what Ms. Johnson has complained of in the

instant lawsuit. That is material information that Defendants are entitled to receive. Defendants have continued to actively conceal this discoverable material and are hoping to avoid being called to task for their pattern of questionable conduct. Plaintiff only points this out to show the Court how quickly this case could devolve into sanctions motion after sanctions motion with each side running to the Court each and every time any perceived professional discourtesy is visited upon them. Plaintiff wants to avoid that. The parties should be focused on moving towards a trial, not asking this Court to serve as a referee on every perceived dispute.

### III. CONLCUSION

WHEREFORE, Ms. Johnson respectfully requests that the Court deny Defendants' motion for sanctions requesting to dismiss the action and allow this case to proceed on its merits

Respectfully submitted, this 5th day of September 2019.

DREYER STERLING, LLC

*/s/ Michael T. Sterling*
Michael T. Sterling
Georgia Bar Number: 745667
P.O. Box 89310
Atlanta, Georgia 30312
(470)354-0600 (phone)
(404)521-4124 (facsimilia)
michael@dreyersterling.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, electronically filed this **Response to Defendant's Motion for Sanctions and Brief in Support** with the Clerk of Court using the CM/ECF system which will automatically send email notification of this filing to the following attorneys of record:

| | |
|---|---|
| Carl L. Sollee<br>Sollee Law, LLC<br>1376 Sheffield Drive, NE<br>Atlanta, GA 30329<br>carl@solleelaw.com | Laura Korhonen<br>Ogletree, Deakins, Nash, Smoak &<br>Stewart, P.C.- ATL<br>191 Peachtree Street, N.E.<br>Suite 4800<br>Atlanta, GA 30303<br>Jana.korhonrn@ogletree.com |
| Gerund Julian Lawrence<br>Thomas Kennedy Sampson<br>&Tompkins, LLP<br>3355 Main Street<br>Atlanta, GA 30337<br>g.lawrence@tkstlaw.com | Gregory Shin Young<br>Ogletree, Deakins, Nash, Smoak &<br>Stewart, P.C.- ATL<br>191 Peachtree Street, N.E.<br>Suite 4800<br>Atlanta, GA 30303<br>Gregory.shin@ogletree.com |
| Margaret Santen Hanrahan<br>Ogletree, Deakins, Nash, Smoak &<br>Stewart, P.C.- ATL<br>191 Peachtree Street, N.E.<br>Suite 4800<br>Atlanta, GA 30303<br>Maggie.Hanrahan@ogletree.com | Rodney Gregory Moore<br>Ogletree, Deakins, Nash, Smoak &<br>Stewart, P.C.- ATL<br>191 Peachtree Street, N.E.<br>Suite 4800<br>Atlanta, GA 30303<br>Rodney.Moore@ogletree.com |

-12-

This 5st day of September 2019.

                          DREYER STERLING, LLC

                          s/ Michael T. Sterling
                          Michael T. Sterling
                          Georgia Bar Number: 745667
                          P.O. Box 89310
                          Atlanta, Georgia 30312
                          (470)354-0600 (phone)
                          (404)521-4124 (facsimilia)
                          michael@dreyersterling.com
                          *Attorney for Plaintiff*